394 A.2d 573

COMMONWEALTH of Pennsylvania

v.

Paul Benjamin LaRue FASSETT, Sr., Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 30, 1977.

Decided Nov. 22, 1978.

Ralph W. D. Levan, Assistant Public Defender, Reading, for appellant.

J. Michael Morrissey, District Attorney, Reading, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from a conviction for conspiracy[1] and possession of a controlled substance.[2] Appellant's post-trial motions were denied in the Court of Common Pleas of Berks County. We affirm the decision of the lower court.

Appellant, Paul Fassett, was a passenger in an automobile owned and driven by his co-defendant, James Newman, when they were stopped by a police officer. It is significant to note that appellant does not question the legality of the stop. The officer observed a bag on the front seat of the vehicle that contained several police scanner radios. He also observed a shopping bag on the floor of the front of the car between appellant's legs. Newman, who could not produce the identification requested by the officer, got out of the vehicle and spoke with the officer at the rear of the car. At this time the officer observed appellant, still in the car on the passenger side, bend down in the car and then alight from it. When he approached the passenger's side of the car, the officer saw the shopping bag, which had been on the front floor of the car, laying on the highway next to the passenger's door. The bag was open and the officer observed, in plain view, a package of dog food with three other packages underneath it. These packages were described as being plastic bags with brown paper wrappings. The officer observed a vegetable like matter coming out of the packages, which, at trial was identified as being 3 kilos of marijuana. Additional narcotics were found on the person of Newman. Fassett and Newman were arrested and tried jointly, and a jury found them guilty of the crimes charged.

Based on this evidence, appellant raises two issues: first, whether the evidence was sufficient to sustain a guilty

1. The Crimes Code, 18 Pa.C.S.A. § 903.

2. The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113(30) (1972).

verdict on the conspiracy[3] and narcotics charges, and two, whether the lower court erred in consolidating the two cases at trial. We find that the lower court did not err in either instance and appellant's contentions are without merit.

In reviewing an issue on the sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth. We must accept as true all *reasonable* inferences arising from the evidence, upon which the trier of facts could properly have based the verdict. *Commonwealth v. Jones,* 250 Pa.Super. 236, 378 A.2d 914 (1977), and then determine whether this evidence is sufficient to prove appellant's guilt beyond a reasonable doubt.

Appellant contends that his actions were not sufficient to justify an inference of possession. In order for possession to be found, the evidence must show the appellant had conscious dominion over the contraband and the intent to exercise that power over the contents. *Commonwealth v. Cash,* 240 Pa.Super. 123, 367 A.2d 726 (1976); *Commonwealth v. Yaple,* 217 Pa.Super. 232, 273 A.2d 346 (1970). Possession may be proved by circumstantial evidence. *Commonwealth v. Jones, supra.* Although the cases cited in the opinion of the lower court show a more overt intent to conceal, e. g., *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972) where jewelry was thrown from a moving vehicle, we find that the totality of the circumstances shows appellant had the requisite control and intent to control the bag. The bag was physically placed on the floor in front of him and he exercised control over the bag by placing it outside the car. This demonstrates he had actual possession of the bag alone and in concert with his co-defendant present in the car.

Appellant's second contention is that the lower court judge erred in consolidating his case with that of his co-de-

---

**3.** In his brief, appellant alludes to the sufficiency of the evidence on the conspiracy charge. However, he cites neither case law nor factual support as an argument on that point. Therefore, we limit our discussion to the sufficiency of the evidence on the narcotics charge as it is the issue argued in appellant's brief.

fendant, Newman. His only argument is that statements concerning the drugs found on the person of Newman prejudiced appellant's case in that the jury was influenced concerning the independent guilt or innocence of appellant. We do not find such prejudice existed. "It is not uncommon in the trial of more than one indictment for some evidence to be competent and relevant as to one or more indictments and incompetent and irrelevant as to others. However, the test is whether there is prejudice, . . . and this is generally determined by the adequacy of the instructions given the jury." *Commonwealth v. Kubacki,* 208 Pa.Super. 523, 527, 224 A.2d 80, 82 (1966). There is no contention in this appeal or in the lower court that the relevancy of the testimony concerning the drugs found on Newman was incorrectly explained to the jury.

Judgment affirmed.

JACOBS, President Judge, concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.