419 A.2d 85

**COMMONWEALTH of Pennsylvania**

v.

**William A. BENTLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed March 7, 1980.

42

Bernard S. Rubb, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and HOFFMAN and WIEAND, JJ.*

* Judge DONALD E. WIEAND is sitting by special assignment.

44

WIEAND, Judge:

William A. Bentley was tried non–jury and found guilty on two counts of carrying a firearm without a license[1] and one count of possession of marijuana with intent to deliver[2]. Post–trial motions were denied, and a sentence of six to twelve months imprisonment was imposed. On appeal Bentley argues (1) that the evidence was insufficient to prove that the firearms or the marijuana had been in his possession; and (2) that the lower court erred in refusing to suppress the firearms and marijuana, which had been seized following a warrantless search of the vehicle which appellant had been driving.

The test to be applied in determining the sufficiency of the evidence is whether, accepting as true all of the evidence and all reasonable inferences arising therefrom upon which, if believed, the trier of the facts could properly have based the verdict, it is sufficient to prove beyond a reasonable doubt that the accused is guilty of the crime or crimes with which he has been charged. *Commonwealth v. Santiago*, 476 Pa. 340, 342, 382 A.2d 1200, 1201 (1978); *Commonwealth v. Meadows*, 471 Pa. 201, 205–06, 369 A.2d 1266, 1268 (1977); *Commonwealth v. Terenda*, 433 Pa. 519, 523, 252 A.2d 635, 637 (1969). As with all challenges to the sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict winner, in this case the Commonwealth, which is entitled to the benefit of all reasonable inferences arising therefrom. *Commonwealth v. Graves*, 484 Pa. 29, 32, 398 A.2d 644, 646 (1979); *Commonwealth v. Williams*, 476 Pa. 557, 560, 383 A.2d 503, 504 (1978). Moreover, the entire trial record must be evaluated and all evidence actually received must be considered, whether or not the trial court's rulings thereon were correct. *Commonwealth v. Waldman*, 484 Pa. 217, 222–23, 398 A.2d 1022, 1025 (1979); *Commonwealth v. Tabb*, 417 Pa. 13, 16, 207 A.2d 884, 886 (1965), *Commonwealth v. Williams*, 273 Pa.Super. 578,

1. 18 Pa.C.S. § 6106.

2. Act of April 14, 1972, P.L. 233, No. 64, § 13, 35 P.S. 780–113.

417 A.2d 1200 (1980). Finally, the trier of the fact is free to believe all, part, or none of the evidence. *Commonwealth v. Waldman,* supra, 484 Pa. at 223, 398 A.2d at 1025; *Commonwealth v. Murray,* 460 Pa. 605, 609, 334 A.2d 255, 257 (1975).

Viewed in this light, the record reveals the following. On August 24, 1976, at or about 10:45 o'clock, P.M., Police Officer Edward Steliga was dispatched to investigate an accident on Route 30 in the Borough of North Versailles, Allegheny County. At the scene he found that a Chevrolet station wagon, registered to appellant's wife, Linda Bentley, had collided with a truck. When Steliga arrived, appellant was seated in the driver's seat, and the passenger's seat was occupied by another male person who was not then identified. An ambulance arrived, but appellant, who was bleeding from the face, and his passenger refused to be taken to a hospital. One of the ambulance attendants delivered to Steliga two .38 caliber bullets which he had found on the ground beside the driver's door of the station wagon. Appellant and his passenger appeared to make hasty efforts to lock the station wagon before leaving in a car with friends who happened upon the accident scene.

Steliga subsequently looked in the window of the station wagon and, with the aid of a flashlight, observed the barrel of a gun protruding from beneath a loose speaker on the floor in front of the driver's seat. He retrieved the weapon and discovered that it was a loaded .38 caliber handgun. He then decided to search the interior of the car. The rear seat of the station wagon was in a lowered position so as to make a level surface which covered the entire rear portion of the vehicle. Immediately behind the driver's seat, just inside the door, Steliga saw a covered box which, when opened, was found to contain four plastic bags of marijuana. The station wagon was towed to the police station where Steliga conducted a further search which included a well in which the spare tire was carried. There he found a green gym bag, which he unzipped. This revealed a towel which, when unraveled, was found to conceal a .45 caliber Colt handgun. Appellant did not have a license for either weapon. The

total marijuana was found to be 1,775.7 grams, having a wholesale value of $2,100.00.

Appellant testified that his companion at the time of the accident had been Carl Bowersox. Bowersox had been sharing living quarters with appellant and had called appellant earlier that evening to request that appellant pick him up at a local bar. Appellant said that Bowersox had had prior unrestricted use of the Chevrolet station wagon. He also testified that Bowersox was a known drug dealer. He contended that it had been Bowersox who must have introduced the guns and marijuana into the car. Appellant denied that the guns or marijuana belonged to him. He had been told of the presence of marijuana by Bowersox, he said, only a short time before the accident.

■ Appellant argues that the evidence was insufficient to permit a finding that the items of contraband were in his possession. In order to prove possession, the evidence must show that appellant had the power to control such items with the intent to exercise control over them. *Commonwealth v. Fassett*, 260 Pa.Super. 323, 394 A.2d 573 (1978); *Commonwealth v. Cash*, 240 Pa.Super. 123, 367 A.2d 726 (1976). However, possession may be shown by circumstantial evidence. *Commonwealth v. Ferguson*, 231 Pa.Super. 327, 331 A.2d 856 (1974); *Commonwealth v. Whitman*, 199 Pa.Super. 631, 186 A.2d 632 (1962).

■ In the instant case, the totality of the circumstances shown by the Commonwealth's evidence was sufficient to permit the factfinder to infer possession by appellant. The vehicle was being driven by appellant and was registered in the name of his wife. The .38 caliber gun was located within easy reach of the driver of the station wagon. It was so located that the driver's knowledge of its presence could readily be inferred. Moreover, two live bullets were found on the ground immediately adjacent to the driver's door. After the accident, appellant and Bowersox were observed locking the doors to the vehicle.

The marijuana and the Colt .45 were found under more ambiguous circumstances. Nevertheless, the location of the marijuana immediately behind the driver, where its presence was known and readily accessible to him, was sufficient to warrant an inference of conscious dominion with an intent to control. Similarly, the presence of a Colt .45 in a gym bag found in a portion of the vehicle not readily accessible to passengers would be sufficient to support an inference of appellant's possession. See: *Commonwealth v. Flythe*, 273 Pa.Super. 248, 417 A.2d 633 (1979); *Commonwealth v. Valle*, 227 Pa.Super. 191, 323 A.2d 74 (1974); *Commonwealth v. Whitman*, supra. Finally, it should be observed that the factfinder was not required to accept appellant's testimony concerning Bowersox's use of the car, his dealings with marijuana, the manner in which he came to be in appellant's car at the time of the accident, his ownership of the gym bag, or his placing the contraband in the station wagon.

Appellant also contends that the guns and marijuana were products of an unlawful search and seizure and should have been suppressed. We agree in part with this contention.

Following the accident, appellant's car could not be driven. After appellant had left the scene, Officer Steliga looked into the vehicle, using a flashlight to provide illumination. There he observed the protruding barrel of a firearm. Finding the left rear door open, he reached into the vehicle and removed the .38 caliber gun.

As a general rule, a search warrant must be obtained before a person or his property can lawfully be searched by a police officer. One of the exceptions to the rule is the "plain view doctrine", which provides that contraband in plain view of a police officer can be seized without a warrant. *Commonwealth v. Clelland*, 227 Pa.Super. 384, 386–87, 323 A.2d 60, 61 (1974). See: *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). Before the doctrine becomes applicable, however, it must be shown that the policeman had a right to be in the place from which he was able to view the item of contraband. *Commonwealth v. Harris*, 479 Pa. 131, 138, 387 A.2d 869, 873

(1978); *Commonwealth v. Jeffries*, 454 Pa. 320, 327, 311 A.2d 914, 918 (1973); *Commonwealth v. Cooper*, 240 Pa.Super. 477, 489, 362 A.2d 1041, 1049–50 (1976).

■ In the instant case, Officer Steliga had a right to be where he was when he observed the firearm in the front of the vehicle. He had been summoned to the scene of an accident. It was not unreasonable that during the course of his investigation he would look inside one of the vehicles which had been involved in the accident. After two live .38 caliber bullets had been found beside the door on the driver's side, it became even more to be anticipated that he would look into the vehicle in an attempt to ascertain their source. The fact that he required illumination from a flashlight to see into the darkened interior of the vehicle did not prevent the gun from being in plain view or render the policeman's conduct unreasonable. *Commonwealth v. Clelland*, supra. The plain view doctrine is premised, not, as appellant argues, upon the absence of an investigatory intent by the policeman, but upon the surrender of a reasonable expectation of privacy by the owner. *Commonwealth v. Holzer*, 480 Pa. 93, 102, 389 A.2d 101, 106 (1978); *Commonwealth v. Mangini*, 478 Pa. 147, 156, 386 A.2d 482, 487 (1978). See: *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

Finding a gun in plain view, however, did not justify the police officer's warrantless search of the entire vehicle. There were no exigent circumstances that would have prevented his obtaining a search warrant, if probable cause existed, to search the interior of appellant's vehicle. The vehicle had been rendered undriveable by the accident. It was later towed to police headquarters. There was no danger that it would be removed from the scene or that the contents of the vehicle would be removed before a warrant could be obtained. The warrantless search made by Steliga of the interior of the station wagon, therefore, was illegal and in violation of appellant's Fourth Amendment protection against unreasonable searches and seizures. The marijuana and Colt .45 revolver should have been suppressed.

See: *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Cf. *Commonwealth v. Davis*, 270 Pa.Super. 202, 411 A.2d 250 (1979).

We are unable to ascertain from the record that the improper use of the marijuana and the Colt .45 was harmless with respect to appellant's conviction for unlicensed possession of the .38 caliber gun. Therefore, we will grant a new trial generally.

Reversed and remanded for a new trial.