441 A.2d 414

**COMMONWEALTH of Pennsylvania**

v.

**John C. MINOSKE, Appellant.**

Superior Court of Pennsylvania.

Argued June 13, 1979.

Filed Feb. 5, 1982.

194

Jonathan DeYoung, King of Prussia, for appellant.

Colin Hannings, Assistant District Attorney, Lansdale, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

This matter is on appeal from the Judgment of Sentence imposed on the appellant, John C. Minoske, by the Court of Common Pleas of Montgomery County following the appellant's conviction for possession of a controlled substance,[1] (marijuana), and possession of a controlled substance, (marijuana), with intent to deliver.[2] We remand for further considerations by the lower court.

---

* Pres. Judge John Q. Stranahan of the Court of Common Pleas of Mercer County, Pennsylvania is sitting by designation.

Judge Leonard Sugerman of the Court of Common Pleas of Chester County, Pennsylvania is sitting by designation.

1. 35 P.S. Sec. 780–113(a)(16).

2. 35 P.S. Sec. 780–113(a)(30).

At the appellant's trial, the following evidence was introduced: On August 19, 1977, Trooper Walter T. Zdunowski of The Pennsylvania State Police Force obtained a search warrant for the second story apartment at 205 Forrest Avenue in West Norriton Township, Montgomery Co., Penna. A search of that apartment was conducted the same day.

The apartment had a kitchen, den, bathroom, living room and two bedrooms. In the first bedroom, the following items were found: various articles of men's clothing, a fake marijuana permit issued in the name of the appellant, a vehicle registration card in the appellant's name, an attache case containing several packets of marijuana and, in the closet, two paper bags containing several packets of marijuana and a box of plastic baggies. The combined weight of the marijuana found in this bedroom was approximately six pounds. In the other bedroom, Trooper Zdunowski found a triple beam balance scale and a check stub bearing the name of Wayne Roberts.

After the appellant's arrest, he told Trooper Zdunowski that he knew the marijuana was in the apartment and that it had been supplied by a man named Lavinski. The appellant did not admit, however, that the marijuana was his.

At trial, the appellant testified that the clothing and personal effects found in the bedroom containing the marijuana were his. The appellant also testified that he and Mr. Roberts shared the apartment with two women, Robin McNeil and Carin Honeychuck. The two witnesses called by the appellant at his trial both testified that Ms. McNeil and Ms. Honeychuck were residing at the apartment at the time the search took place.

During the search of the apartment, however, no women's clothing was found.

The appellant has raised six issues. Those issues are as follows:

I. The appellant contends that the evidence was insufficient to sustain the verdict in that the Commonwealth failed to prove that the appellant had constructive possession of the marijuana;

II. The appellant contends that the search warrant was defective in that the affiant, Trooper Zdunowski, made a knowing misstatement of a material fact when he obtained the warrant. Hence, the appellant argues, the lower court erred in failing to suppress the evidence obtained as a result of the search of the appellant's apartment;

III. The appellant contends that the judge presiding over the hearing on his motion to suppress was prejudiced against him when the Commonwealth brought to the judge's attention that there were other charges pending against the appellant. Hence, the appellant argues, the judge erred in refusing to disqualify himself;

IV. The appellant contends that the trial court judge was prejudiced against him because the judge had presided at a suppression hearing involving the alleged supplier of the marijuana, Mr. Lavinski. Hence, the appellant argues, the trial court judge erred in refusing to disqualify himself;

V. The appellant contends that the lower court erred in instructing the jury that "possession of a controlled substance is unlawful except in certain situations and that the burden of showing an exceptional situation is on the defendant"; and

VI. The appellant contends that the Commonwealth failed to exercise due diligence in attempting to bring him to trial within 180 days after the written complaint was filed as required by Pa.R.Crim.P. 1100. Hence, the appellant argues, the lower court erred in granting the Commonwealth's petition for an extension of time.

## I. SUFFICIENCY OF THE EVIDENCE

The appellant contends that the evidence was insufficient to sustain the verdict. This contention is based on the fact that the appellant did not have actual possession of the marijuana. To be convicted of possession and possession with intent to deliver, therefore, the Commonwealth had to prove beyond a reasonable doubt that the appellant had constructive possession of the marijuana. *Commonwealth v. Chenet*, 237 Pa.Super. 226, 352 A.2d 502 (1976); reversed on

other grounds, 473 Pa. 181, 373 A.2d 1107 (1977). "To prove constructive possession, the Commonwealth is required to demonstrate that the accused had the power to control the contraband and the intent to exercise that power." *Commonwealth v. Jones*, 250 Pa.Super. 236, 239, 378 A.2d 914, 915 (1977). The appellant asserts that the evidence presented at trial failed to establish that the room in which the contraband was found was the appellant's bedroom or that it was under his exclusive possession or control. Hence, the appellant argues, the evidence was insufficient to prove that he had constructive possession of the marijuana.

"The test of sufficiency of the evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Frye*, 433 Pa. 473, 481, 252 A.2d 580, 584 (1969).

Applying that test, it is the opinion of this Court that there was sufficient evidence for a jury to find beyond a reasonable doubt, that the bedroom in which the contraband was found was the appellant's bedroom. The appellant was living in the apartment at the time the search took place. The clothes found in the bedroom were the appellant's. The personal effects found in the bedroom bore the appellant's name. Given those facts, the only logical explanation is that the bedroom in question was the appellant's. Simply, why would the appellant have his clothing and personal effects in that bedroom if it was not his bedroom?

Where contraband is found among an appellant's personal effects, in a place normally accessible only to the appellant, then a jury can properly infer that the appellant had both the power and intent to control the contraband and, therefore, that the appellant had constructive possession of the contraband. *Commonwealth v. Jones*, supra.

In the case at hand, the bulk of the marijuana was found inside two paper bags in a cardboard box on the floor of the appellant's bedroom closet.

A bedroom closet is not an area of a dwelling that is generally accessible to all residents of or visitors to the dwelling such as a living room or kitchen would be. A bedroom closet is normally accessible only to the person or persons in whose bedroom the closet is located. In this case, the closet in question was located in the appellant's bedroom.

There is nothing in the record to indicate that the appellant shared this bedroom with anyone else. In the other bedroom, personal effects of Mr. Roberts were found. That would indicate that it was his bedroom and, therefore, that he did not share the bedroom in which the marijuana was found with the appellant. Also, no women's clothing or personal effects were found in the appellant's bedroom. Hence, there is no evidence that would indicate that either Ms. McNeil or Ms. Honeychuck shared the bedroom in question with the appellant.

This Court finds, therefore, that the marijuana was found among the appellant's personal effects and in a place normally accessible only to the appellant. Hence, the evidence was sufficient to prove that the appellant had constructive possession of the marijuana. *Commonwealth v. Jones,* supra. As a result, this Court finds that there is sufficient evidence to sustain the verdict.

## II. VALIDITY OF THE SEARCH WARRANT

The appellant contends that the search warrant was defective. This contention is based on the appellant's assertion that Trooper Zdunowski made a knowing misstatement of a material fact in the affidavit he used to obtain the search warrant.

The portion of the affidavit that the appellant asserts contains a material misstatement of fact reads as follows: "The informant providing this information has proven reliable in the past and he has provided information that has resulted in three arrests for narcotics violation, all three resulting in convictions in the Montgomery County Court."

At the suppression hearing in this matter, Trooper Zdunowski testified that the role of the informant in two of the arrests was providing the initial information that started the investigations of the individuals in question. That information was that the individuals in question were selling narcotics. The arrests were made after Trooper Zdunowski made a direct buy of narcotics from the individuals in question. The informant's role in the other arrest was providing the information necessary to obtain a search warrant. The arrest in that instance was made on the basis of the evidence seized during the search.

The appellant contends that Trooper Zdunowski's statement in the search warrant affidavit that the informant "has provided information that has resulted in three arrests" was a misstatement of a material fact since two of the arrests were the result of a direct buy of narcotics by Trooper Zdunowski and not the result of information supplied by the informant.

Where a police officer makes a knowing misstatement of a material fact in a search warrant, the warrant is invalid and any evidence obtained pursuant to that warrant is inadmissible. *Commonwealth v. D'Angelo*, 437 Pa. 331, 263 A.2d 441 (1970). "A material fact is one without which probable cause to search would not exist." *Commonwealth v. Tucker*, 252 Pa.Super. 594, 599, 384 A.2d 938, 941 (1978).

Applying that test, this Court finds that the alleged misstatement by Trooper Zdunowski, assuming that it was a misstatement of fact, was not a misstatement of a material fact.

The search warrant in this matter was issued on the basis of hearsay evidence. In such a situation, the search warrant affidavit must set forth "some of the underlying circumstances from which the officer concluded that the informant was 'credible' or his information 'reliable'." *Aguilar v. Texas*, 378 U.S. 108, 114–115, 84 S.Ct. 1509, 1513–14, 12 L.Ed.2d 723 (1964).

In the case at hand, the underlying circumstances were, in part, based on the fact that the informant had provided reliable information in the past and that information resulted in three arrests.

■ Where the underlying circumstances are based on the fact that the informant had provided reliable information in the past and that information had resulted in arrests, for purposes of determining whether or not probable cause existed for issuing the warrant, " '[t]he essential fact is that the informant gave prior information implicating other persons in criminal activity, which information proved to be correct'." *Commonwealth v. Chatman*, 275 Pa.Super. 5, 9, 418 A.2d 582, 585 (1980). The fact the information led to an arrest, by itself, is not essential for a determination of whether or not probable cause existed. *Commonwealth v. Chatman*, supra.

■ The statement that the informant had provided information that had resulted in three arrests, therefore, does not contain a material fact. *Commonwealth v. Tucker*, supra. Hence, while the search warrant affidavit may have contained a misstatement of fact, it did not contain a misstatement of a material fact. The Court finds, therefore, that the search warrant was valid.

## III. RECUSAL OF THE SUPPRESSION COURT JUDGE

The appellant contends that Judge Robert Honeyman, who presided over the appellant's suppression hearing, erred in refusing to immediately disqualify himself when the Commonwealth brought to the judge's attention the fact that there were other charges pending against the appellant. This contention is based on the appellant's assertion that Judge Honeyman was prejudiced against him by that information.

■ This Court, however, will not even consider this issue. The Commonwealth made no statement to Judge Honeyman during the suppression hearing that there were other charges pending against the appellant. The specific state-

ment that the appellant objects to is as follows: "There is another file in this case on this individual."[3] There is nothing in that statement that would even remotely suggest that there were other charges pending against the appellant.

This Court, finds, therefore, that Judge Honeyman did not err in refusing to disqualify himself on the basis set forth by the appellant.

## IV. RECUSAL OF THE TRIAL COURT JUDGE

The appellant contends that Judge Joseph H. Stanziani, who presided over the appellant's trial, erred in refusing to disqualify himself. This contention is based on the fact that Judge Stanziani had presided over and disqualified himself from a suppression hearing involving Mr. Lavinsky, the individual who allegedly supplied the appellant with the marijuana. As a result of presiding over that hearing, the appellant asserts, Judge Stanziani was prejudiced against him. In support of this contention, the appellant has listed several errors Judge Stanziani allegedly committed during the appellant's trial.

"(A) decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion." *Commonwealth v. Kane*, 199 Pa.Super. 89, 91, 184 A.2d 405, 406 (1962).

It is the opinion of this Court that Judge Stanziani did not abuse his discretion when he refused to disqualify himself. Mr. Lavinsky was not a co-defendant of the appellant's. The appellant's case and Mr. Lavinsky's case arose out of two totally different sets of facts. There is no evidence that the appellant's name was even mentioned during Mr. Lavinsky's suppression hearing. Hence, there was no way Judge Stanziani could have been prejudiced against the appellant by presiding over Mr. Lavinsky's preliminary hearing.

The fact that Judge Stanziani may have committed on errors during the appellant's trial is not proof that Judge Stanziani was prejudiced against the appellant. If the ap-

3. Suppression hearing transcript, p. 38.

pellant thought that Judge Stanziani had committed any errors, he should have asked this court to review those errors rather than citing them as examples of prejudice.

This Court finds, therefore, that Judge Stanziani did not err in refusing to disqualify himself.

## V. JURY INSTRUCTION

The appellant contends that the lower court erred in instructing the jury that "possession of a controlled substance is unlawful except in certain situations and that the burden of showing an exceptional situation is on the defendant." This contention is based on the appellant's assertion that the Commonwealth has the burden of proving that an accused was not licensed to possess a controlled substance. The appellant bases this assertion on the case of *Commonwealth v. Sojourner*, 268 Pa.Super. 472, 408 A.2d 1100 (1979).

■ The appellant's contention is without merit. On reargument, *Commonwealth v. Sojourner*, 268 Pa.Super. 472, 408 A.2d 1100 (1979) was reversed. *Commonwealth v. Sojourner*, 268 Pa.Super. 488, 408 A.2d 1108 (1979). The Commonwealth has the burden of proving non-licensure in cases involving The Controlled Substance, Drug, Device and Cosmetic Act only when the accused comes forward with some credible evidence that he is licensed to possess the controlled substance. *Commonwealth v. Sojourner*, 268 Pa.Super. 488, 408 A.2d 1108 (1979).

In the case at hand, the appellant produced no credible evidence that he was licensed to possess marijuana. Hence the lower court did not err in instructing the jury as it did.

## VI. RULE 1100

The criminal complaint in this matter was filed on August 19, 1977. Hence, the appellant's trial was to commence on or before February 15, 1978. Pa.R.Crim.P. 1100. On February 15, 1978, the Commonwealth filed a petition for an extension of time. The lower court granted the Commonwealth's petition. The appellant's trial began on February 28, 1978.

The appellant contends that the lower court erred in granting the Commonwealth's petition for an extension of time. This contention is based on the appellant's assertion that the Commonwealth failed to exercise due diligence in bringing the appellant to trial.

The Court will not consider that issue at this time. While on bail, the appellant failed to appear for arraignment on October 7, 1977. The appellant turned himself in on October 24, 1977.

"(A) defendant on bail who fails to appear at a court proceeding⁊of which he has been properly notified, is unavailable from the time of that proceeding until he is subsequently apprehended or until he voluntarily surrenders himself. In such a case, the Commonwealth is entitled to an exclusion of this period under section (d)(1) [Pa.R.Crim.P. 1100] without the requirement of a showing of its efforts to apprehend the defendant during the period of his absence." *Commonwealth v. Cohen*, 481 Pa. 349, 356, 392 A.2d 1327, 1331 (1978).

In the case at hand, therefore, 17 days would be excludible from the 180 day period if the appellant was properly notified of his arraignment date without the Commonwealth having to show that they exercised due diligence in attempting to apprehend the appellant. If those 17 days are excluded, then the appellant was brought to trial within 180 days after the complaint was filed as required by Pa.R.Crim.P. 1100.

The Court, therefore, remands this case to the lower court for the purpose of holding an evidentiary hearing to determine if appellant was properly notified of his arraignment date. See *Commonwealth v. Snyder*, 280 Pa.Super. 127, 421 A.2d 438 (1980). If the appellant was properly notified, then there was no violation of Pa.R.Crim.P. 1100. If the appellant was not properly notified, then this Court will consider the issue of whether or not the Commonwealth exercised due diligence in this matter.

SPAETH, J., concurred in the result.