## Commonwealth v. Zimmerman

*Daniel G. Ehrgood, assistant district attorney,* for the commonwealth.

*Christopher J. Coyle,* for defendant.

EBY, *J.,* August 15, 1989 — This case comes before the court on defendant, Christen S. Zimmerman's, post-verdict motion in arrest of judgment and for a new trial. Defendant was convicted following a jury trial of delivering cocaine and possessing drug paraphernalia. Defendant has not challenged the conviction for possessing drug paraphernalia, but has raised several issues contesting the delivery conviction. Finding defendant's objections to the jury charge on prior convictions meritorious, we shall overturn the conviction and grant defendant a new trial.

On September 9, 1988, Randy Kirk Wenrich, acting as an informant for the commonwealth, called David Potts and requested Potts sell him one-eighth of an ounce of cocaine later that evening. Wenrich agreed to pay $275 for that specified quantity of cocaine. The two agreed to meet at the Lebanon Plaza Mall liquor store at 8:00 p.m. Potts and defendant then drove in Potts' black Trans Am to Newmanstown to pick up the cocaine which was to be sold to Wenrich. They then proceeded to Lebanon Plaza Mall where they saw Wenrich at the liquor store as previously agreed. Wenrich got into the rear seat of Potts' vehicle by pushing the front seat forward. In order for Wenrich to do this, defendant leaned forward in the front passenger seat where she was located. Potts then drove the car to the rear of the Sears store for the purpose of completing the transaction.

Once they had pulled into the rear parking lot of the Sears store, Mr. Potts handed Wenrich a packet of cocaine. Wenrich then gave Potts $275 in previously recorded bills. This money had been recorded by serial number earlier in the evening by county

detectives. After Wenrich gave Potts the money, defendant instructed Potts to count the money. After so counting, Potts handed the $275 to defendant. The defendant and Potts were then immediately apprehended. The recorded bills were later found by Agent Berlin in defendant's purse.

Defendant's brief has raised three issues concerning the verdict reached by the jury. First, she claims evidence at trial was insufficient to support the guilty verdict on the delivery charge. Next, she asserts reversible error was committed by this court in failing to instruct the jury they should consider the commonwealth informant's past crimen falsi convictions in determining his credibility. Finally, defendant contends reversible error was committed in the court's jury charge on accomplice liability since defendant was charged only as a principal and not an accomplice to the crimes charged on her criminal information.

In response to her points for review we conclude that defendant's motion in arrest of judgment is without merit. However, with regard to defendant's request for a new trial, we find the jury instructions concerning Randy Kirk Wenrich's prior criminal convictions were inadequate. Therefore, we need not address the remaining arguments for a new trial but shall award a new jury trial to correct our error.

While first addressing defendant's motion in arrest of judgment, we must determine whether the evidence as a whole was sufficient to support the jury's verdict. The standard for considering a motion in arrest of judgment is to "test the sufficiency of the evidence to sustain the conviction by considering the entire record, viewing the same in the light most favorable to the verdict." *Commonwealth v. Kelly,* 196 Pa. Super. 265, 175 A.2d 918 (1962). (citations omitted) In this instance the common-

wealth is the favored party, and all evidence must be viewed in the light most favorable to it.

Next, evidence will be deemed sufficient to support the rendered verdict where testimony has been offered to prove each element of the crime charged. *Commonwealth v. Smith,* 502 Pa. 600, 467 A.2d 1120 (1983); see also, *Commonwealth v. Davis,* 491 Pa. 363, 421 A.2d 179 (1980); *Commonwealth v. Harper,* 485 Pa. 572, 403 A.2d 536 (1979); *Commonwealth v. Mongiovi,* 360 Pa. Super. 590, 521 A.2d 429 (1987). The test for sufficiency is whether, "accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed, the trier of fact could properly have based the verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Hogan,* 321 Pa. Super. 309, 312, 468 A.2d 493, 495 (1983), quoting *Commonwealth v. Minoske,* 295 Pa. Super. 192, 198, 441 A.2d 414, 417 (1982); and *Commonwealth v. Frye,* 433 Pa. 473, 481, 252 A.2d 580, 584 (1969), cert. denied, 396 U.S. 932.

It is the province of the trier of fact to determine the credibility of the witnesses and the weight to be accorded the evidence produced. The factfinder is free to believe all, part or none of the evidence. *Commonwealth v. Yost,* 478 Pa. 327, 386 A.2d 956 (1978), cert. denied, 442 U.S. 942; *Commonwealth v. Tate,* 485 Pa. 180, 401 A.2d 353 (1979).

Defendant's primary assertion is evidence presented at trial was insufficient to support a finding of actual or constructive delivery by defendant to Randy Kirk Wenrich. She alleges no actual delivery occurred on her part since the transaction was solely between Potts and Wenrich. Therefore, the only possible basis for conviction was constructive deliv-

ery. However, defendant contends as well that insufficient evidence was presented to find her guilty of constructive delivery.

Defendant argues none of the elements required to prove delivery were established by the commonwealth. Neither constructive possession nor control by defendant was established, nor did she take any substantial step toward accomplishing the drug transfer. We agree no evidence proved actual delivery since all witnesses maintain the literal transfer was from Potts to Wenrich. Therefore, we must examine the elements of constructive delivery in the light most favorable to the commonwealth.

"Delivery is the actual, constructive or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship." 35 P.S. §780-102. "[All] that is necessary is that the transfer be between two people" to establish delivery. *Commonwealth v. Metzger*, 247 Pa. Super. 226, 230, 372 A.2d 20, 22 (1977) (allocatur refused).

Constructive transfer is not statutorily defined. "Ordinarily when statutory words are not defined, they are given their plain meaning." *Woods v. State*, 734 S.W.2d 414, 416 (Tex. 1987), reversed on other grounds, 758 S.W. 2d 285 (Tex. Ct. App. 1988); *Commonwealth v. Cameron*, 247 Pa. Super. 435, 372 A.2d 904 (1977). The commonly accepted meaning of "transfer" is "[t]o convey or remove from one . . . person to another; pass or hand over from one to another . . ." *Cameron, supra,* quoting Black's Law Dictionary (Rev. 4th ed. 1968).

We further agree with defendant constructive delivery involves the three following elements, each of which must be proved for a conviction: (1) actual or constructive possession prior to transfer; (2) intent to aid in accomplishment of transfer; and (3)

act of substantial step toward accomplishing transfer. We find each of these elements was proved sufficiently to support the jury's verdict of guilty of constructive delivery.

The element of possession, like delivery, can be proven by demonstrating either actual possession or constructive possession. Constructive possession is necessary when defendant was not actually found possessing contraband. *Commonwealth v. Macolino,* 503 Pa. 201, 469 A.2d 132 (1983). No matter how close a defendant is to contraband, if it is not on his/her person, he/she only possesses it constructively. *Commonwealth v. Stephens,* 231 Pa. Super. 481, 331 A.2d 719 (1974). In such instances the commonwealth has the burden of proving defendant had the "ability to exercise a continuous dominion over the illegal substance: the power to control the contraband and the intent to exercise that control." *Macolino* at 206, 469 A.2d at 134 (citations omitted); see also, *Stephens, supra; Commonwealth v. Davis,* 444 Pa. 11, 280 A.2d 119 (1971); *Commonwealth v. Jones,* 250 Pa. Super. 236, 378 A.2d 914 (1977).

This may be proved wholly by circumstantial evidence. *Macolino, supra; Jones, supra.* The intent to maintain dominion may be inferred from the totality of the circumstances presented at trial. *Macolino, supra.* Since each piece of evidence should not be viewed in a vacuum, the factfinder has a duty to look at the evidence as a whole. *Macolino, supra; Stephens, supra.*

"The purpose of the constructive possession doctrine is to expand the scope of possession statutes to encompass those cases where actual possession at the time of the arrest cannot be shown but where the inference that there has been actual possession is strong." *Stephens* at 490-1, 331 A.2d at 724.

Possession need not be exclusive. Two or more can possess the same drug at the same time. *Macolino, supra.*

An application of this legal standard to the present facts shows defendant had constructive possession over the drugs. She agreed to go with Potts to obtain the cocaine. She knew where they were going, and that the cocaine would be supplied at a parking lot in Newmanstown, because this identical sequence of events had transpired for the same purpose on other occasions. Defendant also knew the plan was to meet Randy Kirk Wenrich at the Lebanon Plaza liquor store to complete the drug sale. Since defendant knew of the planned occurrence, she could certainly have opted not to accompany Potts had she so desired. There was no testimony she was forced, coerced or deceived into aiding in the transaction.

Defendant testified she was Potts' girlfriend and cared for many of his personal affairs including his finances. She paid his bills and exercised substantial control over his finances. From this, the jury may have inferred that defendant's control over Potts was pervasive enough that she would have known about the cocaine and been able to exert a degree of control over the substance, even were it in Potts' physical possession.

Once they arrived at the liquor store, defendant not only permitted Wenrich to enter the car, but she assisted him getting into the back seat, by pulling her seat forward. After the money and cocaine had been exchanged, defendant instructed Potts to count the money. He then handed her the $275 which she placed in her purse. This behavior indicated more than mere presence at the scene, but some sort of control regarding the transaction. She exercised an active role not only in the transaction but in the possession of the cocaine as well, as was indicated by

the short straw located in her purse. In light of the surrounding circumstances, including the fact defendant was in possession of drug paraphernalia, the jury could properly have concluded defendant intended to exercise some degree of control over the cocaine, thus constructively possessing the contraband.

Next, defendant claims there was no evidence of her control over the drug at any point. She asserts the only evidence to support the control element occurred after the delivery had been accomplished when she told Potts to count Wenrich's money and then placed it in her purse. She argues this evidence could not be used to support the delivery conviction since the delivery had at that point already been completed.

"To prove intent to control it must be shown that the defendant had knowledge of the presence of the contraband. This knowledge can be inferred from the surrounding circumstances." *Stephens*, 231 Pa. Super. at 490, 331 A.2d at 723 (citations omitted); see also, *Davis, supra.*

Certainly the surrounding circumstances here permitted a finding of control. Defendant herself admitted to Detective Zechman and Agent Berlin that she knew Potts received cocaine in Newmanstown and intended to sell it to Wenrich when they met him later in the evening. She was aware the cocaine was in the car from the time they picked it up in Newmanstown until their arrival in Lebanon. She watched Potts later hand Wenrich the cocaine and immediately took control of the money received.

We believe defendant has over-emphasized her contention the delivery was complete before Wenrich paid Potts, thereby eliminating the importance of defendant's control over the money as not part of the transaction. The fact defendant told Potts to

count the money, then placed it in her purse was only one of the many contributing factors the jury was entitled to consider. Even absent the evidence of money exchanging hands, the commonwealth has met its burden of proof on the issue of control based on the wealth of additional evidence which demonstrates defendant knew of the cocaine, had control over the transaction and willingly participated in the event.

Finally, defendant argues she took no substantial step toward accomplishing the delivery and the evidence presented at trial was insufficient to convict her. She asserts the sole step taken on her part was moving to allow Wenrich to enter the car. She believes even had she not permitted Wenrich into the car, the sale would have been completed nevertheless.

We disagree. The question is not whether any possible means of completing the delivery existed without defendant's aid, but rather, whether the actions she did in fact take were a substantial step in the commission of the crime. Helping Wenrich into the vehicle for the sole purpose of cocaine delivery, a transaction of which defendant was well aware, was indeed a substantial step towards accomplishing the transfer.

Therefore, the evidence produced at trial was sufficient to support the verdict and we shall not grant the motion in arrest of judgment. We next go on to consider defendant's motion for a new trial.

Addressing defendant's request for a new trial, such relief will be granted when the trial court has committed clear abuse of discretion or an error of law. *Commonwealth v. Jones,* 455 Pa. 488, 317 A.2d 233 (1974).

Defendant asserts the court erred during its charge to the jury by neglecting to instruct the jury they could consider the prior crimen falsi convic-

tions of the commonwealth's primary witness/informant in determing his credibility. Although defendant admits no written request on this issue was submitted to the judge before he charged the jury, defendant later requested a supplemental charge on prior conviction impeachment. The request was denied.

Before addressing the issue at hand, we must note defense counsel's method at trial of requesting a point for charge after instructions had been given the jury was in error. Pennsylvania Rules of Criminal Procedure, rule 1119 clearly mandates the appropriate time for requested points to be made:

"(a) Any party may submit to the trial judge written requests for instructions to the jury. *Such requests shall be submitted within a reasonable time before the closing arguments,* and at the same time copies thereof shall be furnished to the other parties. Before closing arguments, the trial judge shall inform the parties on the record of the judge's rulings on all written requests. The trial judge shall charge the jury after the arguments are completed.

"(b) *No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate:* All such objections shall be made beyond the hearing of the jury." Pa.R.Crim.P. 1119(a) and (b).

The purpose of rule 1119 is to "provide the court with an opportunity to examine suggested instructions so that, where adopted, they can be incorporated into the basic charge in a logical fashion without confusing the jury or unduly emphasizing a particular point." *Commonwealth v. Gardner,* 246 Pa. Super. 582, 371 A.2d 986 (1977).

Counsel failed to properly submit his requested points for charge before the jury was instructed.

Although we cannot allow this omission to go unnoticed, neither can we permit it to be fatal to defendant's case. Defense counsel partially redeemed himself by requesting a charge on the informant's prior crimen falsi convictions before the jury retired. See *Commonwealth v. Danzy,* 225 Pa. Super. 234, 310 A.2d 291 (1973). Regardless, it remains the court's function to give instructions free from basic and fundamental error. *Commonwealth v. Didio,* 212 Pa. Super. 51, 239 A.2d 883 (1968).

We must now determine whether our given charge was, in fact, free from basic and fundamental error. "It is well-settled that the trial court is required when the defendant requests, to illuminate all relevant legal issues for the jury which the facts in evidence present." *Commonwealth v. Henderson,* 249 Pa. Super. 472, 484, 378 A.2d 393, 399 (1977). (citations omitted) However, the jury charge must be viewed as a whole to determine whether a new trial is warranted. *Commonwealth v. Cheatham,* 429 Pa. 198, 239 A.2d 293 (1968); *United States v. Dukow,* 330 F.Supp. 360 (D.C. Pa. 1971). Even if isolated portions of a charge may be subject to criticism no new trial is necessary if the instructions are generally sufficient. Refusal of a tendered point must result in prejudice for a new trial to be granted. *Henderson, supra.*

The use of prior convictions is an established method of impeaching a witness. *Commonwealth v. Kahley,* 467 Pa. 272, 356 A.2d 745 (1976), cert. denied 429 U.S. 1044. The court, however, "is not required to accept the language of the point submitted by counsel but rather is free to select its own form of expression. The only issue is whether the area is adequately, accurately and clearly presented to the jury for their consideration." *Kahley* at 288,

356 A.2d at 753, quoting *Commonwealth v. Mc-Comb*, 462 Pa. 504, 509, 341 A.2d 496, 498 (1975). (citations omitted)

Special consideration must be given to jury instructions during trials when the prosecution relies almost exclusively on the testimony of an accomplice or another who participated in the criminal activity. When such testimony is crucial, the court must give a strong charge to the jury on the credibility of a witness with a prior felony record as well as a strong charge on character testimony. *Didio, supra.*

In this case, defendant was prejudiced by the court's failure to instruct the jury to consider Randy Kirk Wenrich's prior convictions, as required in *Didio, supra.* Moreover, the Pennsylvania Suggested Standard Jury Instructions offer an instruction for crimen falsi conviction impeachment of a witness as follows:

"You have heard evidence that one of the witnesses, _____, has been convicted of the crime of _____. The only purpose for which you may consider this evidence of prior conviction is in deciding whether or not to believe all or part of _____'s testimony. In doing so, you may consider the type of crime committed, how long ago it was committed, and how it may affect the likelihood that _____ has testified truthfully in this case." Pa. S.S.J.I. §408D, as revised, December 1980.

Both standards clearly mandate reference to the prior convictions and the effect of these on the witness' credibility. But the judge did not comply with these dictates when he instructed the jury on Randy Kirk Wenrich's credibility. Instead, the charge failed to refer to Wenrich's prior convictions. The charge on the credibility issue was the following:

"Now, you also heard the testimony, ladies and gentlemen, of an individual in this case who is an informant, in deciding whether or not to believe Mr.

Wenrich's testimony, you should be guided by the following principles which apply to the testimony of an informant. You should examine the testimony of Mr. Wenrich closely to determine if it is tainted in such a way as to implicate the defendant falsely in the furtherance of Mr. Wenrich's own behalf or own self-interest. You have to understand that the witness's, Mr. Wenrich's interest, motive, and bias is important for you to consider in deciding whether or not to believe him. *You heard the testimony that there are charges pending against Mr. Wenrich.* The only purpose for which you can consider that evidence again is for motive, interest, or bias on his part in deciding whether or not to believe his testimony. *In doing so, you consider the offenses which he is facing,* how long ago it was presented, and how it may affect the outcome of his testifying truthfully in this case." (emphasis supplied)

While pending charges were fully discussed relating to Wenrich's credibility, prior convictions were not, although required by case law and suggested by the Pensylvania Suggested Standard Jury Instructions. The failure to recite to the jury a strong charge on prior convictions and credibility had a prejudicial effect on defendant here and may easily have influenced the resultant verdict.

The jury of necessity had to scrutinize Wenrich's testimony and carefully weigh his credibility as it comprised the essence of the prosecution's case against this defendant. Accordingly, in light of our error, we must grant a new trial.

## ORDER OF COURT

And now, August 15, 1989, for the reasons set forth in the accompanying opinion, defendant's motion in arrest of judgment is denied. Defendant's motion for a new trial is hereby granted.