J-S74031-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH F. BOLLINGER, | : | |
| | : | |
| Appellant | : | No. 1123 EDA 2014 |

Appeal from the Judgment of Sentence Entered March 25, 2014,
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s): CP-39-CR-0002985-2012

BEFORE: BENDER, P.J.E., DONOHUE and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JANUARY 02, 2015**

Kenneth F. Bollinger (Appellant) appeals from a judgment of sentence which was entered after a jury convicted him of persons not to possess firearms, 18 Pa.C.S. § 6105(a)(1). We affirm.

Appellant was arrested and charged with persons not to possess a firearm. He pled guilty and was sentenced. He, however, obtained relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, and was permitted to withdraw his guilty plea. A jury subsequently convicted Appellant, and the trial court sentenced him to four to ten years in prison. Appellant timely filed a post-sentence motion wherein he claimed that he is entitled to a new trial because the jury's verdict is contrary to the weight of the evidence. The trial court denied that motion, and Appellant timely filed a notice of appeal. The trial court directed Appellant to comply with Pa.R.A.P.

* Retired Senior Judge assigned to the Superior Court.

1925(b); Appellant filed a 1925(b) statement; and the court issued a 1925(a) opinion.

In his brief to this Court, Appellant asks us to consider whether the trial court erred by denying his post-sentence motion. Stated succinctly, Appellant argues that the evidence produced by the Commonwealth at trial regarding his possession of a firearm was so tenuous, vague, and uncertain that he is entitled to a new trial.

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. Our Supreme Court has explained that [a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. [A] new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. Stated another way, … this Court has explained that the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

***Commonwealth v. Sullivan***, 820 A.2d 795, 806 (Pa. Super. 2003) (citations omitted; emphasis eliminated).

The trial court summarized Appellant's trial as follows.

> In order to find a defendant guilty of the crime of persons not to possess a firearm under 18 Pa.C.S. § 6105(a)(1), the Commonwealth must first demonstrate that the defendant was a person prohibited by law from possessing a firearm. To be prohibited, the Commonwealth must show that defendant had previously been convicted of an enumerated offense at Section 6105(b) of the Crimes Code. Second, it must be demonstrated

that the defendant, on a date more than 60 days from the time he became a person prohibited by law from possessing a firearm, knowingly possessed a firearm within the Commonwealth.

At trial, the district attorney and counsel for [Appellant] stipulated that [Appellant] had a prior conviction that precluded him from possessing a firearm. The parties further stipulated that the prior conviction occurred more than 60 days prior to the incident in question. Therefore, the jury only had to decide if [Appellant] possessed a firearm.

The Commonwealth presented three witnesses at trial, Officers Michael Becker, Thurman D'Argenio and Michael Yetter, from the Allentown Police Department. These three were on patrol in uniform in downtown Allentown during the early morning of June 24, 2012.

Officer Becker testified that, at approximately 4:00 a.m. on June 24, he received information via police radio about a domestic dispute occurring at 525 Oak Street in Allentown. Officer Becker was told that several individuals left that residence on foot and that one of the individuals possibly had a firearm. The officer drove in his marked patrol car to the area around the 500 block of Oak Street in an attempt to locate these individuals. While he was stopped at the red light at the intersection of Sixth and Chew Streets, Officer Becker saw a man carrying a bag run across Sixth Street from east to west. The officer radioed his observation to other police units and he began to pursue the running man. Officer Becker's testimony on this point was corroborated by Exhibit C-5, a video from June 24 recorded on a police wireless surveillance camera fixed at Sixth and Chew Streets. The video shows a man running with a bag across Sixth Street. Officer Becker testified that the video accurately depicts what he saw the man doing.

After losing visual contact with the man, Officer Becker parked his patrol car at that intersection and began to search the area on foot. By this time, Officer Becker was joined in the search by Officer D'Argenio. The officers searched a parking lot near the Sixth and Chew Streets intersection. Officer Becker saw an open garage at one end of the parking lot. A fence separated the garage from the lot. The garage was accessible from the parking lot because a section of the fence near the

garage was broken. Both officers walked through the broken section of the fence and looked into the open garage. The garage was cluttered with rusty items and rubbish. Officer Becker noticed a man crouching behind some items inside the garage. The officers ordered the man out of the garage and they placed him in handcuffs. At trial, both officers identified the [Appellant] as the man hiding in the garage.

After [Appellant] was detained, Officer D'Argenio testified that he saw a black bag wedged between the outside wall of the garage and an adjacent tree. Officer D'Argenio seized the bag and opened it. The bag contained a semiautomatic .380 black handgun with five rounds of ammunition in its magazine.

Officer Michael Yetter testified that he also responded to the report of domestic violence at 525 Oak Street. He was the first officer to arrive at the residence. Officer Yetter explained that Danelle Brockel, a resident of 525 Oak Street, had called the police and reported that her brother, Scott Brockel, had threatened her with a firearm. Ms. Brockel told Officer Yetter that her brother, his friend Kenny and a female left the residence when she called the police. She also told the officer that her brother had a firearm.

[Appellant] testified at trial. He admitted to being present at 525 Oak Street on the morning in question. He admitted that he ran from the residence after the domestic dispute between Scott and Danelle Brockel. He acknowledged that he was the man whose image was captured on the video, Exhibit C-5. [Appellant] said that he was carrying a computer bag as he ran from the residence. He admitted that he was hiding in the vacant garage but the police found him. However, he denied owning the bag found by the police immediately adjacent to the garage. [Appellant] claimed that he was hiding because he believed Scott Brockel had committed a crime and he did not want to become involved in a police investigation for that.

Trial Court Opinion, 5/15/2014, at 2-5 (citation omitted).

The trial court explained its reasons for rejecting Appellant's weight-of-the-evidence claim as follows.

- 4 -

The trial testimony combined with the video recording presented the jury with strong circumstantial evidence that [Appellant] constructively possessed the handgun that the police found outside the garage where [Appellant] was hiding. Constructive possession requires a demonstration that the accused has the "power to control the contraband and the intent to exercise that power." *Commonwealth v. Jones*, 250 Pa.Super. 236, 239, 378 A.2d 914, 915 (1977). "Location of the contraband in an area usually accessible only to the defendant may lead to an inference that he placed it there or knew of its presence if others did so." *Commonwealth v. Juliano*, 340 Pa.Super. 501, 506, 490 A.2d 891, 894 (1985) (citations omitted).

In summary, the police responded to a call about an armed individual fleeing a residence where domestic violence occurred. An officer witnessed [Appellant's] running with a bag in the area of the residence from where the call came. Police then found [Appellant] hiding in a garage close to where he was observed running. The police also found a bag containing a loaded firearm immediately outside of the garage where [Appellant] was hiding. All of this occurred in the dark early hours of the morning. Based on these facts, a jury could reasonably conclude that [Appellant] constructively possessed the firearm. The jury's rejection of [Appellant's] testimony on these topics fell within their discretion as the finders of fact. Nothing about the jury's verdict could shock a reasonable person's sense of justice. Accordingly, [Appellant's] challenge to the weight of the evidence fails.

*Id.* at 5.

We can discern no abuse of discretion in the trial court's decision to reject Appellant's weight-of-the-evidence claim. Consequently, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/2/2015