372 A.2d 20

**COMMONWEALTH of Pennsylvania**

v.

**Gregory METZGER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided March 31, 1977.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

Joseph C. Madenspacher, Assistant District Attorney, and D. Richard Eckman, District Attorney, Lancaster, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant was convicted of violation of the Drug, Device and Cosmetic Act, April 14, 1972, P.L. 233, No. 64, 35 P.S. § 780–113(a)(30), by a jury on September 25, 1975.[1] On appeal, appellant raises only one issue. He maintains that the evidence was insufficient to establish that he participated in the delivery of the drugs thereby making him criminally liable under 35 P.S. § 780–113(a)(30). He argues that his action of merely being an errand boy, "conduit" as he refers to it, without receiving any pecuniary gain, in a sale consummated between two other people does not come within the definition or intent of the crime for which he was found guilty.

Briefly, the facts are that appellant was present in a house trailer on March 1, 1975 when an undercover narcotics agent employed by the Pennsylvania State Police and appel-

---

1. Appellant was also found guilty of conspiracy to deliver a controlled substance (18 Pa.C.S.A. § 903(a). However, his Motion for Arrest of Judgment was sustained as to that conviction. His Motion for a New Trial and Motion in Arrest of Judgment for delivery of a controlled substance were denied.

lant's brother made a deal to purchase drugs.[2]  Previously, an arrangement had been made between the narcotics agent and appellant's brother for the purchase of a large quantity of lysergic acid diethylamide (LSD) and the agent was at the trailer for the purposes of completing that transaction. However, this deal fell through due to complications involving the arrival of the LSD from York, Pennsylvania.  In order to provide the agent with a sample of the type of drugs he would have purchased, appellant's brother offered to sell the agent a smaller quantity which he (appellant's brother) could procure from another individual who lived nearby.  Appellant testified on direct examination that his brother told him to call this individual to see if he could supply them with five "hit" of LSD.  He further testified that he called, found out he could buy the drugs, received ten dollars from his brother to purchase the drugs, drove out to the individual's home and picked up the "stuff", returned to his brother's trailer and gave the LSD to his brother who then sold it to the agent for ten dollars.  On July 15, 1975, appellant and his co-defendant were arrested for criminal conspiracy and violation of the Drug, Device and Cosmetic Act.

The only issue presented is whether or not appellant's actions on March 1, 1975 amounted to a violation of the Drug, Device and Cosmetic Act, 35 P.S. § 780–113(a)(30). This issue is easily resolved by reading the Act.  Section 780–113(a)(30) reads:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:  (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a

2.  Appellant's brother was not a co-defendant in this case.  Appellant's co-defendant was acquitted of the charges of criminal conspiracy and delivery of a controlled substance.  His acquittal of conspiracy was the reason appellant's Motion for Arrest of Judgment was granted.  See lower court opinion, page 2.  There appeared to be some confusion on the part of the agent regarding the identity of the person he actually purchased the drugs from on March 1, 1975, and this uncertainty may have resulted in the co-defendant's acquittal.

practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

Section 780–102 defines "Deliver" or "Delivery" as:

. . . the actual, constructive or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship.

The appellant desires the court to read into these sections the elements of a "sale". In other words, if the defendant does not profit from his delivery, then he cannot be guilty of the crime. However, this position is untenable. The present Act, April 14, 1972, P.L. 233, No. 64, specifically repealed the Drug, Device and Cosmetic Act of Sept. 26, 1961, P.L. 1664, 35 P.S. 780–1 et seq., wherein the word "sale" was part of the definition of the crime. See Act of Sept. 26, 1961, P.L. 1664, 35 P.S. § 780–4 (repealed). Under the present Act it is no longer necessary to establish that an exchange of money took place or some other arrangement of barter transpired. The offensive conduct is simply the "actual, constructive or attempted transfer from one person to another" of the prohibited substance. By appellant's own testimony he acknowledged that he purchased the drugs and transferred them to his brother who made the ultimate sale to the agent. The Act specifically mentions that the existence of an agency relationship makes no difference. Furthermore, the Act does not require that the defendant transfer the drug to a law enforcement officer; all that is necessary is that the transfer be between two people. Appellant's own testimony clearly brings his actions within the confines of 35 P.S. § 780–113(a)(30).

■ With respect to the sufficiency of the evidence, the court in the case of *Commonwealth v. Fortune,* 456 Pa. 365, on page 367, 318 A.2d 327, on page 328 (1974) stated the general rule: "In determining whether the evidence is sufficient in law to prove that a defendant is guilty beyond a reasonable doubt of the crime or crimes charged, we must,

after a verdict of guilty, accept as true all of the evidence, direct and circumstantial and all reasonable inferences arising from the evidence, upon which a trier of fact could have properly based the verdict. *Commonwealth v. Malone,* 444 Pa. 397, 281 A.2d 866 (1971), *Commonwealth v. Petrisko,* 442 Pa. 575, 275 A.2d 46 (1971)." It was appellant's direct testimony that provided the facts regarding his involvement in the activities of March 1, 1975. The jury was free to believe him or not and if it did believe him, as apparently it did, the evidence was sufficient to support the verdict.

Affirmed.