J-S96026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY DWAYNE SHIELDS | |
| Appellant | No. 837 WDA 2016 |

Appeal from the Judgment of Sentence May 13, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002210-2015

BEFORE:  BENDER, P.J.E., BOWES, J., AND SOLANO, J.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 10, 2017**

Appellant appeals from the aggregate judgment of sentence of ninety-nine to 198 months incarceration imposed following his convictions for three counts each of contraband[1] and possession of a controlled substance with intent to deliver, and one count of possession of marijuana.  We affirm.

We adopt the trial court's recitation of the facts ably memorialized in its Pa.R.A.P. 1925(a) opinion.

> On August 20, 2016, Officer Michael Inman was on a routine patrol when he initiated a traffic stop for an expired registration.  When he approached the vehicle, Officer Inman could smell marijuana emanating from the vehicle.  Appellant was the driver and sole occupant.  Officer Inman ran Appellant's license through

_____

[1]  18 Pa.C.S. § 5123(a) ("A person commits a felony of the second degree if he . . .  brings into any prison . . . any controlled substance[.]").

PennDot and discovered Appellant had an arrest warrant for a parole violation and he did not have a valid license to operate a motor vehicle. Officer Inman took Appellant into custody, conducted a pat down of Appellant's loose outer clothing and transported him to the state parole office. When Appellant arrived at the state parole office, Parole Officer Charles Page conducted a second pat down search of Appellant's outer clothing and placed him in a holding cell. Later that morning, Appellant was taken to the State Correctional Institution at Albion ("SCI Albion") to detox. Correctional Officer Casey Cleveland, who was working as the yard sergeant that day, met Appellant at the gate of SCI Albion.

As Officer Cleveland got closer to Appellant, he noticed the strong odor of marijuana coming from his body. Officer Cleveland asked Appellant five or more times where the marijuana was located. He warned Appellant if he did not hand over the drugs, he could be subject to additional charges for bringing it into the prison and any contraband would be found anyway during the strip search. Appellant denied having any marijuana on his body and said he smelled because he was smoking marijuana when he was picked up.

Appellant was brought immediately to the receiving and discharging unit area where Officer Cleveland along with Officer Todd Stafford and Officer Robert Sunafrank conducted a standard intake search. Appellant was ordered to face the wall, remove one article of clothing at a time and hand it back to the officers to be searched. When Appellant handed back his shorts and underwear, Officer Stafford noticed something was inside and told Officer Cleveland to be careful as he searched.

Upon further inspection, Officer Cleveland found what he suspected to be crack cocaine, powder cocaine, heroin and marijuana hidden in a slit in Appellant's underwear.

. . . .

The powder substance found in Appellant's underwear weighed 6.07 grams and contained cocaine hydrochloride. The rock like crystals weighed 6.13 grams and contained cocaine base, more commonly known as crack cocaine. The yellow stamp bags were tested and found to contain heroin. Finally, the two bags of

plant material were analyzed and found to contain a total of 3.03 grams of marijuana.

Trial Court Opinion, 7/27/16, at 1-3.  Appellant's first trial resulted in a mistrial after the jury could not reach a verdict.  Appellant was then retried and convicted, ultimately receiving the aforementioned sentence.  Appellant filed a timely notice of appeal and raises two questions for our review.

    I.    The evidence in this case was insufficient to support the charges of possession with intent to deliver.

    II.    The sentence in this case was manifestly excessive and clearly unreasonable.

Appellant's brief at 2.

Before addressing Appellant's sufficiency of the evidence argument, we note that his concise statement set forth a boilerplate allegation.  "The issues to be raised on appeal are the defendant's claim that the evidence presented at the trial was insufficient to support a finding of guilty of the charges of which the defendant was convicted[.]"  Concise Statement, 6/27/16, at 1.  As we stated in **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa.Super. 2013), to preserve a challenge to the sufficiency of the evidence on appeal the concise statement "must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Id**. at 344.  "Such specificity is of particular importance in cases where, as here, the Appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove

beyond a reasonable doubt." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa.Super. 2009). Appellant's statement failed to do so and we could deem the issue waived even though the trial court elected to address the claim. "The fact that the Commonwealth did not object to the defect and the trial court addressed the sufficiency of the evidence issue in the alternative is of no moment." ***Commonwealth v. Roche***, --- A.3d ---, 2017 WL 34931 (Pa.Super. 2017) (published opinion) (citing cases).

However, Appellant's argument on appeal is clear and does not require us to undertake the burdensome task of reviewing each element of all seven convictions. Our Supreme Court observed in ***Commonwealth v. Laboy***, 936 A.2d 1058 (Pa. 2007), that a less strict waiver approach is justified in some circumstances:

> It may be possible in more complex criminal matters that the common pleas court may require a more detailed statement to address the basis for a sufficiency challenge. Here, however, the common pleas court readily apprehended Appellant's claim and addressed it in substantial detail.

***Id***. at 1060. We find this principle applicable herein, since Appellant's argument is limited to one element common to the three possession of intent to deliver crimes. Whether the evidence was sufficient to support these convictions presents a matter of law; our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Walls***, 144 A.3d 926, 931 (Pa.Super. 2016) (citation omitted). In conducting our inquiry, we

examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

*Commonwealth v. Doughty*, 126 A.3d 951, 958 (Pa. 2015). To sustain a

conviction for possession with intent to deliver

the Commonwealth must prove that Appellant knowingly or intentionally possessed a controlled substance without being properly registered to do so under the Act. *See* 35 P.S. § 780–113(a)(16). The crime of possession of a controlled substance with intent to deliver requires the Commonwealth to prove an additional element: that Appellant possessed the controlled substance with the intent to manufacture, distribute, or deliver it. *See* 35 P.S. § 780–113(a)(30).

*Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa.Super. 2012). If a

person possesses narcotics with intent to deliver, he is necessarily guilty of

possession. *Commonwealth v. Coleman*, 130 A.3d 38, 42 (Pa. 2015).

Instantly, Appellant does not challenge the element of possession. He

maintains that the Commonwealth failed to prove he intended to deliver the

drugs.

In this case, no evidence was presented that Mr. Shields tried to sell the drugs to anyone. He had no other items such as scales or other packaging items on his person that would be necessary for a drug dealer to possess in order to package the drugs. No evidence was presented that Mr. Shields had contacted anyone to attempt to sell drugs to them. Thus, the Commonwealth did not sufficiently present evidence against Mr. Shields that would allow the jury to determine that the drugs were going to be sold to anyone, as opposed to being for the personal use of Mr. Shields.

Appellant's brief at 7. In determining whether an individual in possession of drugs intended to deliver[2] them, the starting point is the quantity possessed.

> In Pennsylvania, the intent to deliver may be inferred from possession of a large quantity of controlled substance. It follows that possession of a small amount of a controlled substance supports the conclusion that there is an absence of intent to deliver.
>
> Notably, if, when considering only the quantity of a controlled substance, it is not clear whether the substance is being used for personal consumption or distribution, it then becomes necessary to analyze other factors.

*Commonwealth v. Lee*, 956 A.2d 1024, 1028 (Pa.Super. 2008) (citation and quotation marks omitted). Herein, the Commonwealth did not rely on quantity, and we examine the other facts and circumstances. "We emphasize that, if the quantity of the controlled substance is not dispositive as to the intent, the court may look to other factors." *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237 (Pa. 2007). The non-exclusive list of other factors includes

---

[2] We note that Appellant argues that the Commonwealth must establish Appellant intended to sell, as oppose to deliver, the drugs. The Commonwealth is not required to establish Appellant would profit. *See* 35. P.S. § 780-102(b) (defining delivery as the actual, constructive, or attempted transfer from one person to another); *Commonwealth v. Metzger*, 372 A.2d 20, 22 (Pa.Super. 1977) (interpreting the plain meaning of this language and noting former statute included "sale" in the definition of the crime).

the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and [the] sums of cash found in possession of the defendant. The final factor to be considered is expert testimony. Expert opinion testimony is admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.

*Id*. at 1237–38 (quotation and internal quotation marks omitted). The relevant factors in this case were Appellant's possession of drugs prior to entering the correctional facility, the concealment of the drugs in a slit in Appellant's underwear, the manner of packaging, the presence of three separate types of drugs, and an expert opinion.

We find that the presence of these other factors and the expert opinion explaining their significance provided a sufficient basis for the jury's verdicts. *Ratsamy* noted that "expert testimony is important in drug cases where the other evidence may not conclusively establish that the drugs were intended for distribution." *Id*. at 1236. Trooper Shawn Massey, qualified as an expert witness in the field of narcotic trafficking and investigations, offered an opinion that Appellant possessed the drugs with the intent to deliver. He opined that the thirty-one packages of heroin were packaged in a manner consistent with resale, not personal use. Additionally, he noted that powder cocaine and crack cocaine are stimulants, while heroin is a depressant. He stated that a normal user will usually have one or the other type of drug rather than both. *See* N.T., 3/6/16, at 84-88. Furthermore, we note that

Appellant did not possess any use paraphernalia, a circumstance we have deemed relevant. ***Commonwealth v. Bess***, 789 A.2d 757, 762 (Pa.Super. 2002) (in addition to other factors, the appellant "did not have any drug paraphernalia to use the drugs himself."). Therefore, taken together, we do not find that the evidence was "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Ratsamy***, ***supra*** at 1236, n.2.

Appellant's remaining issue concerns the discretionary aspects of his sentence. We apply the following standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014) (citing ***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa.Super. 2007)). The right to appeal the discretionary aspects of a sentence is not absolute. We determine whether Appellant has invoked this Court's jurisdiction by examining the following four criteria:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief [complies with] Pa.R.A.P. 2119(f); and (4) whether there is a

> substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. McLaine***, 150 A.3d 70, 76 (Pa.Super. 2016) (citing

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006–07 (Pa.Super. 2014)).

Appellant filed a timely notice of appeal. However, he did not preserve this claim as he failed to present the issue at sentencing or in a motion to reconsider.[3] ***See*** Pa.R.Crim.P. 720(A)(1). Instead, he raised the issue for the first time in his concise statement. Additionally, his brief does not contain a separate Pa.R.A.P. 2119(f) statement.[4] While we may overlook the latter defect due to the Commonwealth's failure to object, we may not ignore the former. "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Lamonda***, 52 A.3d 365 (Pa.Super. 2012) (quoting ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273–74 (Pa.Super. 2006)). Hence, the claim is waived.

---

[3] Appellant, while represented by counsel, submitted a *pro se* motion.

[4] Appellant's table of contents indicates that the brief contains a separate statement at page four. However, the submitted brief does not contain that page.

Nevertheless, we add that we would not have granted relief on this claim. Since we lack a separate statement, we have reviewed the merits of Appellant's claim. His attack is little more than a boilerplate allegation that the sentence is unreasonable because of some terms of incarceration were in the aggravated range and imposed consecutively. The certified record reveals that the guideline ranges at count one called for a sentence of twenty-one to twenty-seven months in the standard range, with thirty-three months in the aggravated range. At counts two and three, the standard range was twenty-four to thirty months, and the aggravated range started at thirty-six months. Appellant received a sentence of thirty-three to sixty-six months at count one, thirty-six to seventy-two months at count two, and thirty to sixty months at count three. Thus, Appellant received the lowest-possible aggravated range sentence, *i.e.*, it did not exceed the aggravated range, at two of the three counts.

Appellant makes no argument as to why this sentence is unreasonable. His entire argument is as follows:

> Pursuant to § 9781(c)(2) the sentences imposed were manifestly excessive and clearly unreasonable. A judge should impose the minimum sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the Appellant. **Commonwealth v. Martin**, 351 A.2d 650, 656 n.20 (Pa. 1976). Mr. Shields argued various double jeopardy and constitutionality issues at the time of his sentencing, especially as it related to his revocation at another docket, but did not provide to the court any specific details regarding his specific circumstances or background that would sway the court in terms of the sentence imposed. The court imposed a sentence close to

the aggravated range of the sentencing guidelines for Counts 1 and 3, and a sentence in the aggravated range on Count 2.[5] The judge cited Mr. Shields' past record, along with his failure to take responsibility for his actions, as a reason for the length of the sentences.

Appellant's brief at 8 (paragraph break omitted).

As our Supreme Court set forth in **Commonwealth v. Walls**, 926 A.2d 957 (Pa. 2007), our examination of a sentence is quite deferential, as the "sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." **Id**. at 961 (citation and quotation marks omitted). "Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review." **Id**.

Pursuant to 42 Pa.C.S. § 9781(c) we can vacate and remand only if we find 1) that the court intended to sentence within the guidelines but "applied the guidelines erroneously;" 2) a sentence was imposed within the guidelines "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or 3) "the sentencing court

---

[5] It appears that Appellant calculated identical guideline ranges for all possession with intent to deliver counts. However, count one, which was the possession of intent to deliver less than one gram of heroin, carried an offense gravity score of six, whereas the other two counts carried an offense gravity score of seven. **See** 204 Pa.Code § 303.15. As we have set forth, Appellant received two aggravated range sentences.

sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c). "In all other cases the appellate court shall affirm the sentence imposed by the sentencing court." *Id*. Herein, the sentence was within the guidelines. ***Commonwealth v. Bowen***, 975 A.2d 1120, 1128 (Pa.Super. 2009) (sentence within aggravated range constitutes sentence within the guidelines). Thus, applying the guidelines would have to be clearly unreasonable. ***Walls*** noted that reasonableness is not defined in the statute and "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" *Id*. at 963.

***Walls*** concluded that this Court can find a sentence not guided by sound judgment or irrational in only two situations. The first is if the sentencing court did not weigh the "general standards applicable to sentencing found in Section 9721, *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b)." *Id*. at 964; ***see*** 42 Pa.C.S. § 9721(b) (In determining whether to impose a sentence of imprisonment, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.). The other situation is where the sentence is unreasonable under the guidelines provided by 42 Pa.C.S. §

9781(d), which directs this Court to consider the following four factors in determining whether the sentence is clearly unreasonable:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Instantly, Appellant offers no reason for **why** the sentence is clearly unreasonable. He simply posits that it is. What is clear to Appellant eludes us; we would not accept his conclusory statement even if this claim had been properly preserved. Thus, we would be inclined to deem the argument waived for failure to present an argument. "[M]ere recitation of boilerplate law followed by conclusory assertions of error typically does not suffice to ripen an issue for our review." *Commonwealth v. Dozier*, 99 A.3d 106, 111 (Pa.Super. 2014) (citation omitted). That failure notwithstanding, we have proceeded to conduct the analysis mandated by *Walls*. With respect to § 9781(d), the instant offenses would not have occurred but for Appellant's outstanding warrant for a parole violation. The court presided over the trial and sentencing, and attached great weight to Appellant's past history in fashioning this sentence. While Appellant concedes that he "did not provide to the court any specific details regarding his specific

- 13 -

circumstances or background that would sway the court," we note that the judge stated he had reviewed the pre-sentence report. N.T. Sentencing, 5/13/16, at 16. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (reviewing court must presume court weighed the information in the report; "It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand."). Thus, we would not deem the decision to apply the guidelines to these crimes unreasonable when considering these four factors and the deference owed to the sentencing court.

Since § 9781 would afford no relief, the only remaining question is whether 42 Pa.C.S. § 9721(b) would do so. We find that the sentencing court considered the general standards. The judge noted that he had read the presentence report in its entirety, referenced the "variety of drug offenses and other offenses," Appellant's two prior revocations, and the fact he was on supervision at the time of these offenses. Hence, as there was no abuse of discretion and the sentence was neither irrational nor unguided by sound judgment, we would affirm judgment of sentence in any event.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/10/2017