J-S49012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HORATIO OMAR ROBERSON | : | |
| | : | |
| Appellant | : | No. 1762 MDA 2017 |

Appeal from the Judgment of Sentence October 24, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001269-2016

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 30, 2018**

Horatio Omar Roberson ("Appellant") appeals from the judgment of sentence entered on October 24, 2017, following his conviction by jury of delivery of a controlled substance.[1]  After careful review, we affirm.

The trial court set forth the following factual and procedural history:

On or about the afternoon of January 20, 2016, Detective Russell Schauer was directing a drug investigation in the City of York. (N.T., September 6, 2017, pp. 16-17).  Detective Schauer met with a confidential informant, who informed the Detective that he could purchase cocaine from an individual.  Id. at 17.  Detective Schauer directed the confidential informant to call the phone number of this individual and request to make a purchase of some cocaine.  Id. at 17-18.  In the presence of the Detective, the confidential informant contacted this individual at around 1:00 p.m. and ordered the cocaine.  Id. at 17-19.  Detective Schauer viewed and listened to the phone conversation in his presence and was able to hear the voice of the individual that the confidential informant had called and asked to purchase cocaine from.  Id.

_____

[1] 35 P.S. § 780-113(a)(1).

_____

*   Former Justice specially assigned to the Superior Court.

Detective Schauer identified the voice as male and heard the individual on the other end of the phone saying he could get the cocaine and would meet the confidential informant. Id. After the conversation, Detective Schauer directed the informant to consummate the transaction. Id.

Prior to the meeting, and to protect the integrity of the investigation, Detective Schauer searched the confidential informant on their person and also searched the confidential informant's vehicle to make sure the confidential informant was not carrying any drugs, cash, or weapons. Id. at 20. Detective Schauer did not find any of those items on the confidential informant's person or in their vehicle. Id. Detective Schauer then provided the confidential informant $200 of official funds to use for the purchase of the cocaine. Id.

Following the search, the confidential informant left in their own vehicle and Detective Schauer followed the informant to West Jackson at South Beaver Street in York City. Id. at 21. Officer Michele Miller, also of the York County Drug Task Force, was also at this location providing surveillance and assisting in the drug investigation. Id. at 21-22, 46-47. Detective Schauer and Officer Miller then observed [Appellant] arrive in a silver SUV, identified as a Nissan Murano, and entered the informant's vehicle. Id. The vehicle with the informant and [Appellant] inside then drove to the McDonald's on South George Street where [Appellant] got out of the informant's vehicle and went inside the McDonald's. Id. at 21-22. [Appellant] came out of the McDonald's a few minutes later, got back inside the informant's vehicle, and the officers then followed the vehicle back to West Jackson and South Beaver Street. Id. [Appellant] exited the vehicle and got back into the silver Murano. Id. The surveillance team, including Officer Miller, followed [Appellant] back to a house on the 1400 block of West Princess Street. Id. Officer Miller observed [Appellant] exit his vehicle at 1540 West Princess Street. Id. at 49.

After the informant and [Appellant] separated, Detective Schauer followed the informant to another location where he made contact with the informant. Id. at 23. The informant turned over a knotted bag to Detective Schauer, who conducted a field test that returned a positive result for cocaine. Id. The bag was later sent to the Pennsylvania State Police Bureau of Forensic Services Harrisburg Regional Laboratory that issued a report on

- 2 -

May 13, 2016 stating that the bag contained cocaine. Id. at 25; (See also Commonwealth's Exhibit #2).

On January 21, 2016, Detective Schauer observed [Appellant] walking westbound on West Market Street at Pershing and took him into custody. Id. at 26. Detective Schauer heard [Appellant's] voice and identified it as the voice of the individual the confidential informant called to order the cocaine. Id. When Detective Schauer took [Appellant] into custody, he recovered a ZTE cell phone with a black case from [Appellant's] person. Id. at 27-28. Detective Schauer recalled that the confidential informant used the number 267-597-9132 to contact the individual about the purchase of cocaine. Id. Detective Schauer pulled out his own phone, called the number that the confidential informant had used the previous day, and while watching the phone recovered from [Appellant], he saw his own number appear on [Appellant's] cell phone. Id. Based on the observations of Detective Schauer and Officer Miller, charges for delivery of cocaine were filed against [Appellant]. Id. at 34.

A two day jury trial took place from September 5, 2017 to September 6, 2017, where [Appellant] was found guilty of manufacture, delivery, or possession with intent to manufacture or deliver. On October 24, 2017, we sentenced [Appellant] to a term of incarceration of not less than one year minus one day to not more than two years minus two days in the York County Prison, followed by a consecutive sentence of two years' probation. We also approved [Appellant] for Work Release provided that he complies with the guidelines of the Work Release Program.

On November 2, 2017, [Appellant], through counsel, filed a post-sentence motion asking for a judgment of acquittal and a motion for bail pending appeal. On November 3, 2017, the Honorable Judge Maria Musti Cook denied [Appellant's] post-sentence motion for acquittal and scheduled a hearing for November 28, 2017 to determine to consider [sic][Appellant's] motion for bail pending appeal. On November 15, 2017, [Appellant], through counsel, filed a Notice of Appeal to the Superior Court. On November 16, 2017, we issued a concise statement order. On November 28, 2017, the Honorable Judge Maria Musti Cook granted [Appellant's] motion for bail pending appeal, setting bail at $ 25,000 with supervised conditions and the requirement that [Appellant] have a home plan before release.

On November 28, 2017, [Appellant] filed his 1925(b) Statement of Matters Complained of on Appeal.

Trial Court Opinion, 3/15/18, at 1–5 (footnote omitted). The trial court filed its Rule 1925(a) opinion on March 15, 2018.

Appellant presents a single question for our review:

I. WHETHER THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE JURY VERDICT AS TO ALL CHARGES IN THAT THERE WAS NO INDEPENDENT OR CORROBORATING WITNESS IN CONJUNCTION WITH TESTIMONY OF THE POLICE THAT APPELLANT SOLD COCAINE TO A CONFIDENTIAL INFORMANT.

Appellant's Brief at 4.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. **The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.** Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Thomas***, __ A.3d __, 2018 PA Super 221, *5 (Pa. Super. filed August 3, 2018) (emphasis added; citation omitted). "As an appellate court, we do not assess credibility nor do we assign weight to any of the

- 4 -

testimony of record." *Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014). Further, we note, "circumstantial evidence is reviewed by the same standard as direct evidence—a decision by the trial court will be affirmed so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Bricker*, 882 A.2d 1008, 1014 (Pa. Super. 2005) (quotation omitted).

In support of his appeal, Appellant avers that the Commonwealth failed to prove that he committed the crime of delivery of a controlled substance beyond a reasonable doubt. Appellant's Brief at 8. In order for a defendant to be liable for delivery of a controlled substance, there must be evidence that he knowingly made an actual, constructive, or attempted transfer of a controlled substance to another person without the legal authority to do so. 35 P.S. § 780-102 (b); *Commonwealth v. Metzger*, 372 A.2d 20, 22 (Pa. Super. 1977). In the instant case, Appellant alleges that the evidence is insufficient because the confidential informant ("CI") was tainted due to the fact that "the more information and arrests they give the police obviously benefits the CI," the CI was not thoroughly searched before making the controlled buy, the CI was in the car with Appellant for one-half hour before making the controlled buy, and the buy money was not recovered from Appellant when he was arrested the following day. Appellant's Brief at 9. Appellant further alleges the evidence was not sufficient because no officer or detective saw the transaction, there was no photographic evidence of the transaction, there was no evidence on Appellant's phone arranging the drug

delivery, Appellant's fingerprints were not found on the baggie of cocaine, and neither drugs nor the buy money was found in Appellant's car when he was arrested the next day. *Id*. at 10.

In its 1925(a) opinion, the trial court provided the following analysis of the circumstantial evidence presented at trial:

> Based on the testimony of Detective Schauer and Officer Miller, we find that the Commonwealth has presented sufficient circumstantial evidence that the combination of all the facts would allow the jury to find [Appellant] guilty beyond a reasonable doubt without having to hear independent or corroborating witness testimony. The evidence demonstrates that the confidential informant called [Appellant] who offered to bring the confidential informant some cocaine. Before the confidential informant met [Appellant], Detective Schauer searched the informant's person and car to make sure they [did not] have drugs or money and the search yielded none of those items.
>
> The confidential informant and [Appellant] met on Jackson and Beaver Street and then drove to a parking lot and then the McDonald's on South George Street. There was never a time when the confidential informant and [Appellant] were out of the officers' sight from the time the confidential informant picked up [Appellant] to when the confidential informant dropped off [Appellant]. There is also no evidence that any other individuals other than [Appellant] and Detective Schauer came in contact with the confidential informant during this investigation.
>
> When the confidential informant returned to Detective Schauer after [Appellant] left the area, the informant had a baggie that contained cocaine. Detective Schauer then performed a second search of the confidential informant and their vehicle to search for any additional drugs or money and the search yielded none of those items when [Appellant] was arrested the next day, Detective Schauer recovered a cell phone that used the same number that the confidential informant called the previous day to order the cocaine. Taking all of these facts together and all reasonable inferences therefrom, the Commonwealth demonstrated that (1) [Appellant] offered over the telephone to provide the informant with cocaine and had cocaine in his

possession when he met the confidential informant in the informant' s vehicle; (2) [Appellant] delivered that cocaine to the confidential informant by giving it to the informant sometime in between the meeting point at Jackson and Beaver Streets, the parking lot, the South George Street McDonald's, or on the return to Jackson and Beaver Streets; and (3) the lab report indicated that the substance in the baggie that the confidential informant brought back to Detective Schauer was cocaine.

Trial Court Opinion, 3/15/18, at 11–13 (citations omitted).

We agree with the trial court's analysis. Indeed, it is well established that the Commonwealth may prove its case using only circumstantial evidence. *Bricker*, 882 A.2d at 1014. To the extent Appellant argues the evidence was not sufficient because, *inter alia*, no officer or detective witnessed the transaction or there were no photographs of the same, such a showing is not required to sustain a conviction. Here, the jury believed the evidence put forth by the Commonwealth and found Appellant guilty beyond a reasonable doubt. The testimony provided by the Commonwealth's witnesses established the elements of delivery of a controlled substance and identified Appellant as the person who committed the crime. Following a review of the record, we find that the facts of this case and evidence presented, when viewed in the light most favorable to the Commonwealth, were sufficient to show that Appellant committed the crime of delivery of a controlled substance.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2018