J-S10010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :          PENNSYLVANIA
                                     :
            v.                       :
                                     :
                                     :
ORLANDO MELENDEZ               :
                                     :
          Appellant            :    No. 2211 EDA 2018

Appeal from the Judgment of Sentence Entered October 19, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015173-2013

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                **FILED MARCH 05, 2019**

Appellant, Orlando Melendez, appeals from the judgment of sentence of 21-42 months confinement followed by three years of probation, imposed after his conviction at a bench trial, for delivery or possession with intent to deliver a controlled substance and possession of a controlled substance.[1] After careful review, we affirm.

Appellant was arrested on September 6, 2013 and was charged with delivery or possession with intent to deliver a controlled substance and possession of a controlled substance. Trial Court Docket at 1, 3. At trial, the Commonwealth introduced the testimony of two police officers from the Philadelphia Police Department's Narcotics Strike Force, Officer Duane Watson

_____

[1] 35 P.S. § 780-113(a)(30) and § 780-113(a)(16), respectively.

_____

\*   Retired Senior Judge assigned to the Superior Court.

and Officer Christopher Purnell, and stipulations agreed to by Appellant's counsel that showed the following facts.

On the afternoon of September 6, 2013, Officer Watson was conducting surveillance in an unmarked vehicle on the 800 block of East Thayer Street in Philadelphia and saw a woman approach Appellant, engage in a brief conversation with Appellant and give Appellant money in exchange for small packets that Appellant removed from his pocket. N.T. at 9-10. Officer Watson gave a description of the woman to back-up officers and an officer stopped her within five minutes and found on her two clear packets, each of which contained an off-white powder in a blue glassine insert stamped "Undertaker." *Id.* at 10, 12-13, 19-21. A short time later, Officer Watson saw a man approach Appellant and engage in a brief conversation with Appellant and saw Appellant retrieve packets from his pocket and give them to the man in exchange for money. *Id.* at 10-11. Officer Watson gave a description of the man to back-up officers and an officer stopped him within five minutes and found on him five clear packets, each of which contained an off-white powder in a blue glassine insert stamped "Undertaker." *Id.* at 11, 13, 19-21. The powder in these seven packets that the police retrieved was chemically tested and found positive for heroin. *Id.* at 19-21.

Following these two transactions, Officer Watson saw another man approach Appellant and walk with him and heard the man say to Appellant "how many do you need?" N.T. at 11, 17-18. Officer Watson saw Appellant

enter an alley for approximately 35 seconds and, after Appellant came out of the alley, saw Appellant give money to the man. *Id.* at 12, 18-19. Officer Purnell arrested Appellant, but the man who had been with Appellant fled and the police were unable to apprehend him. *Id.* at 12, 22. Officer Purnell found $13 in Appellant's pocket and a clear packet with a blue glassine insert stamped "Undertaker" in Appellant's sock. *Id.* at 22-23. The contents of the blue glassine insert in the clear packet found in Appellant's sock tested positive for heroin. *Id.* at 16-17, 22, 24.

The trial court found Appellant guilty of both charges. On October 19, 2015, following a presentence investigation evaluation, the trial court sentenced Appellant to 21-42 months confinement followed by three years of probation for the delivery or possession with intent to deliver a controlled substance conviction and imposed no further penalty for the possession conviction. Appellant filed no appeal from that judgment, but filed a petition pursuant to the Post Conviction Relief Act ("PCRA")[2] on June 7, 2016. On June 26, 2018, the trial court granted that PCRA petition insofar as it sought to reinstate Appellant's right to file a direct appeal. On July 16, 2018, Appellant timely filed this direct appeal.

Appellant presents only one issue for our review:

> Was the evidence sufficient as a matter of law to convict Orlando Melendez of Possession With Intent to Manufacture or Deliver,

---

[2] 42 Pa.C.S. §§ 9541–9546.

under the Controlled Substance, Drug, Device, and Cosmetic Act, 35 P.S. § 780-113?

Appellant's Br. at 2.

Our standard of review on this issue is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Brockman*, 167 A.3d 29, 38 (Pa. Super. 2017) (quoting

*Commonwealth v. Antidormi*, 84 A.3d 736 (Pa. Super. 2014)).

Viewed in the light most favorable to the Commonwealth as verdict winner, the evidence at trial was clearly sufficient for the trial court to find the essential elements of delivery or possession with intent to deliver a controlled substance beyond a reasonable doubt. Proof that the defendant physically transferred or conveyed a controlled substance to another person is sufficient to sustain a conviction for delivery or possession with intent to deliver a controlled substance. *Commonwealth v. Murphy*, 844 A.2d 1228, 1233-34 (Pa. 2004); *Commonwealth v. Morrow*, 650 A.2d 907, 912 (Pa. Super. 1994); *Commonwealth v. Metzger*, 372 A.2d 20, 22 (Pa. Super. 1977); *see*

*also* 35 P.S. § 780-102(b). The Commonwealth may also satisfy its burden of proof by showing that the defendant had both possession of a controlled substance and an intent to deliver the controlled substance. **Brockman**, 167 A.3d at 38; **Commonwealth v. Lee**, 956 A.2d 1024, 1028 (Pa. Super. 2008).

The evidence at trial showed both delivery of the controlled substance heroin and possession of heroin with an intent to deliver. A police officer saw Appellant give a number of packets that he had on his person to two buyers in exchange for money, the police retrieved the packets from the buyers, and the packets tested positive for heroin, and the buyers' heroin packets had the same labeling and packaging as the heroin packet found on Appellant. Such evidence of actual transfer of heroin is sufficient to prove that Appellant delivered a controlled substance and is therefore guilty of delivery or possession with intent to deliver a controlled substance. In addition, this evidence is sufficient to prove possession and intent to deliver, as it showed that Appellant had heroin in his possession when he made the sales and that he intended to deliver it, as he in fact did transfer that heroin to the buyers. *See* **Lee**, 956 A.2d at 1026, 1028 (evidence was sufficient where police observed two transactions during which individuals approached defendant and engaged in conversation, defendant accepted money from the individuals and handed small objects to the individuals, a packet containing a small quantity of crack cocaine was retrieved from the first buyer, and that packet was packaged the same way as packets found at a location used by defendant in

the sales); *Commonwealth v. Wright*, 846 A.2d 730, 737-38 (Pa. Super. 2004) (challenge to the sufficiency of the evidence to show intent to deliver was frivolous where police observed defendant pulling items from his pocket and exchanging them for money and a bag that defendant threw from his pocket contained small baggies of crack cocaine).

Appellant argues that the Commonwealth did not meet its burden of proof because only one heroin packet and $13 were found on him and the heroin packet was in a different location than the packets that he gave to the buyers. We do not agree. Evidence that Appellant had substantial quantities of drugs or money from which an intent to sell could be inferred was unnecessary in this case because there was other evidence that he actually delivered heroin that was in his possession to buyers. Moreover, the small amount of money on Appellant at the time of his arrest did not negate the Commonwealth's proof that he sold heroin to the two individuals in the transactions that the police officer observed, as there was also evidence that he gave money to a third person, who was not apprehended by the police, following the second heroin sale and before his arrest.

Because the sole issue raised by Appellant is without merit, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/19